IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01138-LTB-PAC

Wade Trentlage

   Plaintiff,

v.

Affiliated Computer Services, Inc., a Delaware Corporation

   Defendant.

## AGREED PROTECTIVE ORDER
## AND CONFIDENTIALITY AGREEMENT

Order Entered by Magistrate Judge Patricia A. Coan

  The following protective order and confidentiality agreement is made an order of the court this date.

## AGREED PROTECTIVE ORDER
## AND CONFIDENTIALITY AGREEMENT

  Numerous corporate documents of Defendant, Affiliated Computer Services, Inc. ("ACS"), contain confidential information, the disclosure of which could be harmful to ACS' business and affect its competitiveness. Further, ACS maintains numerous other records containing confidential information concerning its employees, the disclosure of which could be adverse to the employees. However, some of the above-described records may contain information relevant to Plaintiff's claims and, thus, be discoverable. Additionally, Plaintiff wishes

to maintain the privacy of his tax and medical records. Accordingly, counsel for ACS and counsel for Plaintiff herein stipulate and agree, subject to the Court's approval, that:

1. ACS may designate any documents containing confidential information related to its business operations, finances, or employees as "confidential records" at the time the records are produced. Plaintiff may designate tax or medical records as confidential records at the time they are produced. Any records so designated are subject to this Agreed Protective Order and Confidentiality Agreement. If a party does not designate a document as a confidential record at the time it is produced but subsequently notifies the other party that the document is a confidential record, the designated documents shall be subject to this Agreed Protective Order and Confidentiality Agreement at the time of notification.

2. The "confidential records" are to be considered confidential for purposes of this Order.

3. The "confidential records" may be used solely for the purpose of this litigation and for no other purpose.

4. The "confidential records" will be retained in the office of counsel except that counsel may remove the documents from the office for the time necessary for:

    A) Examination by experts or witnesses in this case who will testify about information on the confidential records;

    B) For use at Court for trial, hearing, or deposition.

5. Copying of the "confidential records" will be strictly limited to:

   A) Copies used as exhibits attached to depositions, motions, or other court filings;

   B) Necessary copies of the confidential records used as an exhibit at trial;

6. The parties shall not disclose the contents of the "confidential records." The parties shall allow individuals to view the "confidential records" only to the extent necessary to pursue the claims and defenses in this matter. Such individuals are limited to the parties' attorneys, members of the attorneys' firm involved in this litigation, stenographers, reporters, witnesses, and experts involved in this matter. All persons having access to the "confidential records" shall be advised that the "confidential records" are subject to a protective order and shall agree to be bound thereto.

7. Plaintiff understands that he is personally bound by this Protective Order. Plaintiff shall not discuss the contents of the "confidential records" with anyone other than his attorney or an expert or accountant specifically retained by him to provide advice or testimony in this litigation.

Nothing contained in this Order shall prevent the use of the "confidential records" or any part thereof, at trial, subject to the Court's approval, or at deposition with the following safeguards.

1. If used at deposition, the deponent and the reporter will be informed of the protective order and be advised that pursuant to this protective order, he or she

    may not divulge any confidential information except as necessary in providing testimony or services in this litigation.

2. If used as an exhibit in a motion or at trial, the parties shall jointly move to seal that portion of the record to prevent disclosure to third parties.

At the conclusion of the litigation or within 30 days after the parties' rights to appeal or further appeal expire, counsel for the parties shall return all "confidential records" produced during the course of litigation, as well as any photocopies of the "confidential records" that counsel for Plaintiff may have made.

Any party may apply to the Court for a modification of this Order and nothing in this Order shall be deemed to prejudice their right to seek modification. The parties agree to make good faith efforts to comply with all terms of this Order.

            s/Patricia A. Coan
            Patricia A. Coan
            U.S. District Court Magistrate Judge

Respectfully submitted,

| s/Megan Holstein | s/Robert P. Lombardi |
|---|---|
| **HOWARD O. BERNSTEIN (24476)** | **SAMUEL ZURIK, III (La. Bar 24716)** |
| **MEGAN G. HOLSTEIN (33924)** | **ROBERT P. LOMBARDI (La. Bar 26387)** |
| Howard O. Bernstein, P.C. | The Kullman Firm |
| 1111 Pearl Street, Suite 203 | A Professional Law Corporation |
| Boulder, Colorado 80302 | 1100 Poydras Street, 1600 Energy Centre (70163) |
| Telephone: (303) 494-3321 | Post Office Box 60118 (70160) |
| Facsimile: (303) 544-5944 | New Orleans, Louisiana |

| | |
|---|---|
| E-mail: megan@bernsteinattorney.com<br>**COUNSEL FOR PLAINTIFF,**<br>**WADE TRENTLAGE** | Telephone: (504) 524-4162<br>Facsimile: (504) 596-4189<br>rpl@kullmanlaw.com<br>**COUNSEL FOR DEFENDANT, AFFILIATED**<br>**COMPUTER SERVICES, INC.** |