IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Chief Judge

Civil Action No. 05-cv-01138-LTB-PAC

WADE TRENTLAGE,

    Plaintiff,

v.

AFFILIATED COMPUTER SERVICES, INC., a Delaware corporation,

    Defendant.
_____

## ORDER
_____

This case is before me on Defendant's Motion for Summary Judgment. Oral argument would not materially assist in determination of the motion. After consideration of the motion, related pleadings, and the case file, I deny the motion for the reasons set forth below.

### I. Background

On April 15, 2002, Plaintiff filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Colorado. Plaintiff's Chapter 13 plan, as amended, provides that Plaintiff submits such future earnings and income as is necessary for execution of the plan to the supervision and control of the bankruptcy trustee and that the property of the estate shall vest in Plaintiff upon confirmation of the plan unless stated to the contrary. Plaintiff's amended plan was confirmed by the bankruptcy court on July 22, 2002.

On October 17, 2002, Plaintiff filed a charge of discrimination with the Colorado

Civil Rights Division (the "CCRD") wherein he alleged that Defendant, his employer, was discriminating against him in violation of the Americans with Disabilities Act (the "ADA"). Some time later, on June 1, 2004, Defendant terminated Plaintiff's employment. Plaintiff then filed a charge with the CCRD wherein he alleged that Defendant retaliated against him for his earlier pursuit of the ADA claim.

On December 10, 2004, Plaintiff's bankruptcy case was dismissed for failure to make the payments required under the Order confirming his Chapter 13 plan. Plaintiff successfully applied for reinstatement of his bankruptcy case, and the case was reinstated on January 31, 2005. Plaintiff was ultimately discharged from his debts on April 5, 2005.

The CCRD issued a Notice of Right To Sue to Plaintiff on May 31, 2005. Plaintiff then filed this case on June 17, 2005 wherein he asserts claims against Defendant for retaliation in violation of 42 U.S.C. § 12203(a); retaliation in violation of C.R.S. § 24-34-402(1)(a); and negligent supervision.

## II. Standard of Review

The very purpose of a summary judgment motion under Fed. R. Civ. P. 56 is to assess whether trial is necessary. *White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Rule 56 provides that summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The non-moving party has the burden of showing that there are issues of material fact to be determined. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A party seeking summary judgment bears the initial responsibility of informing the district

court of the basis for its motion, and identifying those portions of the pleadings, depositions, interrogatories, and admissions on file together with affidavits, if any, which it believes demonstrate the absence of genuine issues for trial. *Celotex*, 477 U.S. at 323; *Mares v. ConAgra Poultry Co., Inc.*, 971 F.2d 492, 494 (10th Cir. 1992). Once a properly supported summary judgment motion is made, the opposing party may not rest on the allegations contained in his complaint, but must respond with specific facts showing the existence of a genuine factual issue to be tried. *Otteson v. U.S.*, 622 F.2d 516, 519 (10th Cir. 1980); Fed. R. Civ. P. 56(e).

These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the pleadings themselves." *Celotex*, 477 U.S. at 324.

If a reasonable juror could not return a verdict for the non-moving party, summary judgment is proper and there is no need for a trial. *Celotex*, 477 U.S. at 323. The operative inquiry is whether, based on all documents submitted, reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). However, summary judgment should not enter if, viewing the evidence in a light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor, a reasonable jury could return a verdict for that party. *Anderson Liberty Lobby, Inc.*, 477 U.S. at 252; *Mares*, 971 F.2d at 494.

### III. Analysis

Defendant argues that it is entitled to summary judgment on all of Plaintiff's claims based on the principle of judicial estoppel. More specifically, Defendant argues that Plaintiff should be estopped from pursuing the claims in this case as a result of his failure to disclose them in his bankruptcy case. I disagree.

The principle of judicial estoppel was recently adopted by the Tenth Circuit in *Johnson v. Lindon City Corp.,* 405 F.3d 1065 (10th Cir. 2005).  This discretionary remedy is designed to prevent the improper use of the judicial process (*id*. at 1068) and is defined as follows:

> where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him.

*Id.* at 1069 (*quoting Davis v. Wakalee,* 156 U.S. 680, 689 (1895)).  Accordingly then, the principle of judicial estoppel generally requires application of a three part test.  First, a party must take a position that is clearly inconsistent with a position that the party took previously.  Second, a court must have been persuaded to accept the party's earlier position such that judicial acceptance of the subsequent inconsistent position would create the perception that one of the courts was being misled.  Finally, the party seeking to assert the inconsistent position must derive an unfair advantage or impose an unfair detriment on the opposing party if judicial estoppel is not applied.  *Id.*

Given that it has only recently adopted the principle of judicial estoppel, there is little Tenth Circuit authority on the application of this principle.  Other courts have held, however, that judicial estoppel can operate to bar a plaintiff from asserting claims previously undisclosed in a bankruptcy proceeding when the plaintiff had knowledge of the claims and a motive to conceal them from the court.  *See DeLeon v. Comcar Indus., Inc.,* 321 F.3d 1289, 1291 (11th Cir. 2003). In any event, the harsh results that follow from application of judicial estoppel require that this principle be applied with caution.  *Lowery v. Stovall,* 92 F.3d 219, 224 (4th Cir. 1996), *cert. denied,* 519 U.S. 1113 (1997).

Here, it is undisputed that Plaintiff did not disclose the claims he is presently pursuing against Defendant in the context of his bankruptcy case. These claims did not arise, however, until after Plaintiff's Chapter 13 plan was confirmed. This chronology of events is significant because once Plaintiff's Chapter 13 plan was confirmed, only those assets necessary to satisfy this plan remained in the bankruptcy estate. All other assets vested with Plaintiff. *See In re Talbot,* 124 F.3d 1201, 1207 (10th Cir. 1997) (recognizing that pursuant to 11 U.S.C. §1327(b) property of the bankruptcy estate re-vests with the debtor following confirmation of plan unless the plan or the confirming order dictate a contrary result). Since there is nothing in Plaintiff's amended plan indicating that his unliquidated retaliation claims would be the property of the bankruptcy estate, Plaintiff's failure to disclose these claims when they first arose does not constitute a position that is inconsistent with that which he has taken in this case.

The issue whether Plaintiff's failure to disclose his retaliation claims when he sought reinstatement of his bankruptcy case constitutes an inconsistent position is more problematic. Notably, however, Defendant fails to cite any compelling authority for its position that the dismissal of Plaintiff's bankruptcy case eradicated the otherwise conclusive effect that confirmation of Plaintiff's bankruptcy plan had on his duty to disclose the claims he has asserted in this case. Further, upon reinstatement of the case, Plaintiff's Chapter 13 plan was revived. *See In re Diviney,* 225 B.R. 762, 770 (10th Cir. 1998) (recognizing that definition of reinstatement of case is to place case in same position that it was in prior to dismissal). The analysis in the preceding paragraph is therefore applicable to Plaintiff's post-dismissal bankruptcy estate. Under these circumstances, the cautionary approach that must be taken to application of judicial estoppel mandates against the dismissal of Plaintiff's claims.

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment is DENIED.

Dated: January  13 , 2006 in Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, CHIEF JUDGE