IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01138-LTB-PAC

WADE TRENTLAGE,

    Plaintiff,

v.

AFFILIATED COMPUTER SERVICES, INC., a Delaware corporation,

    Defendant.

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

O. Edward Schlatter, United States Magistrate Judge

This action was dismissed with prejudice on August 2, 2006 after the parties reached a settlement of all claims and moved for voluntary dismissal.  *See* Doc. Nos. 85, 86.  The matters before the court at this time are:  Plaintiff's Motion for Sanctions [Doc. #90; filed May 21, 2007]; Plaintiff's Motion for Citation for Contempt of Court [Doc. #92; filed May 21, 2007]; and, [Plaintiff's Motion for] Contempt of Court/Violation of Settlement Agreement and Motion for Sanctions [Doc. #93; filed May 22, 2007].  The motions have been referred to the undersigned to issue a recommendation on disposition.

Mr. Trentlage, *pro se*, alleges that Affiliated Computer Services, Inc. ("ACS") breached the parties' settlement agreement when ACS issued plaintiff an invalid check from a closed account and did not replace it. Mr. Trentlage further states that his former counsel, Mr. Howard Bernstein, instituted an action against Mr. Trentlage "concerning terms of the [settlement] agreement" in Boulder County District Court, but did not move to have documents and testimony pertaining to the settlement agreement filed under seal,

in violation of the terms of the settlement agreement.

Mr. Trentlage asks the court to hold ACS and Mr. Bernstein in contempt, and to impose sanctions against them, for failing to uphold the settlement agreement. Mr. Trentlage further seeks the imposition of sanctions against Mr. Bernstein for violating a court order entered at a March 22, 2006 hearing on Defendant's Motion to Enforce Settlement Agreement (Doc. #61). Mr. Trentlage also urges the court to order Mr. Bernstein to provide him with all discovery that counsel obtained from the parties during the pendency of the case.

ACS responds that the court lacks jurisdiction over Mr. Trentlage's requested relief and further argues that the motions are without merit because ACS has not breached the settlement agreement.

Once the district court has dismissed a case pursuant to the parties' settlement agreement, the district court does not have ancillary jurisdiction to enforce the settlement agreement, unless the order of dismissal shows an intent to retain jurisdiction or incorporates the settlement agreement. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 380-381 (1994); *see also Morris v. City of Hobart*, 38 F.3d 1105, 1110 (10th Cir. 1994). "Without reservation by the court, . . . there must be an independent basis for federal jurisdiction." *Morris*, 39 F.3d at 1110-11 (citing *Kokkonen*, 511 U.S. at 382).

The parties' settlement agreement, which contains a confidentiality provision and is therefore filed under seal (Doc. #80), does not provide for the court's retention of jurisdiction after dismissal. The Order of Dismissal does not incorporate the terms of the settlement agreement or show an intent to retain jurisdiction. (Doc. #86) Instead, the

dismissal order refers summarily to the parties' Joint Motion to Dismiss (Doc. #85) which states only that "the parties have effected a compromise of all claims and demands in the Complaint, [and] jointly move this Court to dismiss this action with prejudice, each party to bear its own costs."

Further, there is no independent basis for federal jurisdiction because an action for breach of contract arising out of the private settlement of a federal civil rights action[1] does not arise under federal law. *See Morris*, 39 F.3d at 1112.

Accordingly, I recommend finding that this court did not retain ancillary jurisdiction over Mr. Trentlage's claims that ACS or Mr. Bernstein breached the settlement agreement.[2] Mr. Trentlage has also failed to identify a jurisdictional basis for his requests that the court order Mr. Bernstein to give him all documents obtained in discovery, and any other requested relief unrelated to the terms of the settlement agreement. Mr. Trentlage's motions should thus be denied for lack of subject matter jurisdiction.

**Within ten days after being served with a copy of the proposed findings and recommendation, any party may serve and file written objections to the proposed findings and recommendation with the Clerk of the United States District Court for the District of Colorado. The district judge shall make a de novo determination of those portions of the proposed findings or specified recommendation to which**

---

[1] In the original action, Mr. Trentlage asserted a claim against ACS for unlawful reprisal under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*, along with pendent state law claims.

[2] I note, moreover, that even if this court retained ancillary jurisdiction to enforce the agreement, the remedy of contempt would not be available to plaintiff. A provision of a settlement agreement not expressly included in a judicial order of injunctive relief is not enforceable by contempt. *See Consumers Gas & Oil, Inc. v. Farmland Indust., Inc.*, 84 F.3d 367, 371 (10th Cir. 1996) (citing *H.K. Porter Co. v. Nat'l Friction Products*, 568 F.2d 24 (7th Cir. 1977)(construing Fed.R.Civ.P. 65(d)).


**objection is made. The district judge may accept, reject, or modify, in whole or in part, the proposed findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.**

**Failure to make timely objections to the magistrate judge's recommendation may result in a waiver of de novo review of the recommendation by the district judge and may also waive the right to appeal from a judgment of the district court based on the findings and recommendations of the magistrate judge.**

Dated June 20, 2007.

                                          BY THE COURT:

                                          s/ O. Edward Schlatter
                                          O. EDWARD SCHLATTER
                                          United States Magistrate Judge